**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4059**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

DWAYNE ANTHONY FRAZIER,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:10-cr-00149-BO-1)

Submitted:  September 13, 2011      Decided:  October 24, 2011

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Eric J. Brignac, Research and
Writing Specialist, Raleigh, North Carolina, for Appellant.
Jennifer P. May-Parker, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Anthony Frazier pled guilty to one count of manufacturing child pornography, in violation of 18 U.S.C.A. § 2251(a), (d) (West Supp. 2011), and was sentenced to 180 months' imprisonment, $10,000 in restitution, and a life term of supervised release. On appeal, Frazier's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the life term of supervised release is substantively unreasonable. Frazier was informed of his right to file a pro se supplemental brief but has not done so. The Government has filed a motion to dismiss the appeal based on the appellate waiver provision in Frazier's plea agreement. We grant the motion to dismiss in part, and deny in part.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo, and we will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent. Id. at 169. To determine whether a waiver is knowing and intelligent, we examine "the totality of the

2

circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, and the record indicates that the defendant understood the significance of the waiver and was not denied effective assistance of counsel, the waiver is valid. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

A review of the Rule 11 hearing transcript confirms that Frazier knowingly and intelligently waived his right to appeal. In his plea agreement, Frazier explicitly waived the right to challenge his sentence on appeal, reserving only the right to appeal a sentence imposed in excess of the established Guidelines range, ineffective assistance of counsel, or prosecutorial misconduct under limited circumstances. Frazier confirmed at his Rule 11 hearing that he read and understood the plea agreement. The district court conducted the colloquy required under Rule 11, ensuring that Frazier understood the waiver and the charges and potential penalties, and was competent to enter the plea. We therefore conclude that Frazier knowingly and intelligently waived the right to appeal his

3

sentence. Because Frazier challenges only his sentence on appeal, and Frazier's appeal falls squarely within the scope of the waiver provision, we grant the motion to dismiss the appeal of Frazier's sentence.

The waiver provision did not, however, waive Frazier's right to appeal his conviction. Defense counsel asserts no errors related to Frazier's guilty plea or conviction, but the waiver provision does not preclude our Anders review of the record. That review has disclosed no potentially meritorious issues not covered by the waiver. Accordingly, we deny the Government's motion to dismiss as to Frazier's conviction, and we affirm the conviction.

In sum, the Government's motion to dismiss is granted in part and denied in part, Frazier's appeal of his sentence is dismissed, and his conviction is affirmed. This court requires that counsel inform Frazier, in writing, of his right to petition the Supreme Court of the United States for further review. If Frazier requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Frazier. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>